UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHANIE ANN DEYOT,
      Plaintiff,

v.                                                                   Case No. 18-C-254

TAYCHEEDAH CORRECTIONAL INSTITUTION,
      Defendant.

## ORDER

Plaintiff Stephanie Deyot is a Wisconsin state prisoner who is representing herself. She filed a complaint alleging that the defendant violated her civil rights, a motion seeking leave to proceed without prepayment of the filing fee, and a motion to appoint counsel. This decision resolves plaintiff's motions and screens her complaint.

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On February 23, 2018, I ordered plaintiff to pay an initial partial filing fee of $12.10. Plaintiff paid that fee on March 5, 2018. Accordingly, I will grant plaintiff's motion to proceed without prepayment of the full filing fee; she must pay the remainder of the filing fee over time as explained at the end of this order.

*Screening of the Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Complaint*

Plaintiff's complaint is deficient in a number of respects. I will allow her to file an amended complaint to cure the deficiencies, each of which I will explain below.

First, Taycheedah Correctional Institution is not a proper defendant because it is part of the Wisconsin Department of Corrections, which is, in turn, part of the State of Wisconsin. None of those entities is a "person" for purposes of § 1983. *See Lapides v.*

2

*University of Georgia,* 535 U.S. 613, 617–18 (2002); *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989).

Second, § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, there is no vicarious liability (meaning, no one will be liable for another person's misconduct), and there is no supervisory liability (meaning, a supervisor will not be liable for the misconduct of his or her employees or subordinates).

Plaintiff's allegations are often vague about who is responsible for the misconduct she alleges. It is insufficient to allege harm by correctional officers, employees, and inmates generally—she must identify the particular correctional officer, employee, or inmate who allegedly violated her rights. If she does not know the name of a person, she may use a John or Jane Doe placeholder in her caption and in her allegations, but I must be able to discern from her allegations who did what.

Finally, based on my reading of the complaint, it appears that plaintiff is attempting to improperly bring unrelated claims in a single case. Under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Under Fed. R. Civ. P. 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against

3

Defendant 2." *George*, 507 F.3d at 607. In addition, joinder of multiple defendants into one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action" Fed. R. Civ. P. 20(a)(2). In other words, if plaintiff wants to sue multiple defendants in a single complaint, the claims against those defendants have to be related to one another. The mere fact that everything occurred at the same institution or around the same time is not enough for them to be characterized as related; instead, the claims must arise out of the same series of events or circumstances.

Plaintiff's complaint violates Rules 18 and 20 because it advances unrelated claims against multiple defendants. For example, plaintiff's claims that nurses hurt her by intentionally missing her veins while trying to draw blood have nothing to do with her claims that psychological services refused her request for a different room assignment. *George* instructs that such "buckshot complaints" should be "rejected." *George*, 507 F.3d at 607. If plaintiff wants to pursue unrelated claims, she must do so in separate lawsuits. I remind plaintiff that she will be responsible to pay the filing fee for each lawsuit she files.

As mentioned, I will allow plaintiff to file an amended complaint that cures the above deficiencies. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." An amended complaint will take the place of plaintiff's original complaint, so any matters not included in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch.*

*Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this case, and I will screen it in accordance with 28 U.S.C. § 1915A.

*Plaintiff's Motion to Appoint Counsel*

On March 5, 2018, plaintiff filed a motion to appoint counsel. I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, a plaintiff must demonstrate that she has made a reasonable attempt to secure counsel on her own. *Navejar*, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). A plaintiff can satisfy that requirement by providing the court with evidence that she has contacted at least three lawyers to request representation. She may file copies of the letters she sent to the lawyers or copies of the responses she received from the lawyers.

After I am satisfied that a plaintiff has attempted to hire a lawyer on her own, I will examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Id.* This inquiry focuses not only on a plaintiff's ability to try her case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Here, plaintiff has not satisfied the first step of the process in that she has not demonstrated that she made an effort to hire a lawyer on her own. Regardless, even assuming plaintiff had satisfied that requirement, I believe that plaintiff can represent

5

herself at this time. Plaintiff's complaint is straightforward and easy to understand. She has run afoul of some procedural rules, but those are easily fixed if she follows the instructions in this order. At this point, she need only prepare an amended complaint that explains what particular individuals did or did not do to violate her rights. She does not need a lawyer to help her do this.

I remind plaintiff that nearly all prisoner plaintiffs represent themselves and nearly all of them would prefer to have the assistance of a lawyer. There simply are not enough lawyers willing or able to meet that demand. If circumstances change and plaintiff believes that she can no longer adequately represent herself, she may renew her request and I will again consider it.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 7) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint consistent with this order by **April 16, 2018**. If plaintiff does not file an amended complaint by the deadline, the court will infer that she no longer wishes to pursue this case and will dismiss it without prejudice based on her failure to prosecute.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from her institution trust account the $337.90 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in

accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2018.

> s/Lynn Adelman
> Lynn Adelman
> United States District Judge